## BRADLEY v. RICHARDSON.

WILLS.—The provisions of a will, "but should any of my said grand-children die without leaving a child or children or grand-children living at the time of his, her or their death, then I devise and bequeathe their portion to the survivors," *held* to pass the land of a grand-child dying without issue to the grand-child of testator living at death of such grand-child, to the exclusion of children of grand-children dying after testator, but before the grand-child without issue.

Before HUDSON, special Judge, Barnwell, March, 1901. Affirmed.

Action by John R. Bradley and a number of other great-grand-children of William Cave, against Jane Richardson and G. O. Riley. From order sustaining a demurrer to the second cause of action, and granting a nonsuit as to the first cause of action, the plaintiffs appeal.

*Messrs. Patterson & Holman,* for appellants, cite: *As to the construction of the will:* 2 McC. Ch., 440; 26 S. C., 450; DeS. Eq., 238; 1 Ves., 165; 3 Burr., 1841; Speer Eq., 317.

*Mr. Robert Aldrich,* contra, cites: *As to construction of will:* Jarman on Wills, sec. 648; 6 Rich. Eq., 30; 26 S. C., 461, 561; 1 DeS., 329; 2 McC. Ch., 444.

February 22, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. In the complaint, the plaintiffs allege that they, with the defendant, Jane Richardson, are owners in fee as tenants in common of a tract of land therein set out by boundaries, which they further allege is in possession of the defendant, G. O. Riley, under a claim of ownership by him. The plaintiffs are all great-grand-children of William Cave, who died *testate* about the year 1855, while a citizen of Barnwell County, in this State; the defendant, Jane Richardson, is the only living grand-child of said testa-

tor, William Cave. The plaintiffs seek to recover their interests in said land under a construction they would have the Court to adopt of the said last will and testament of said William Cave, deceased. In their complaint for this purpose they allege two causes of action. The first cause of action is the ordinary suit to recover lands unlawfully held by the defendant, G. O. Riley, and herein it is explained that Jane Richardson, who they allege is a co-owner of said lands with them, refuses to become a plaintiff in the action, and is, therefore, named as a defendant. The second cause of action sets forth that they are all the great-grand-children of William Cave, and allege how the relationship to said William Cave is traced, and also set up certain portions of the will of William Cave under which they allege their rights to this tract of land are based. The defendants deny their first cause of action, and demur to the second cause of action on the grounds that sufficient facts are not alleged to constitute a cause of action. This demurrer came on to be heard by his Honor, J. H. Hudson, sitting as a special Judge. Judge Hudson sustained the demurrer, afterwards a trial was held before the said special Judge and a jury, and after the plaintiffs closed their testimony, the defendant, Riley, moved for a nonsuit, which was granted. After entry of judgment, an appeal was taken therefrom to this Court on grounds which allege that the presiding Judge erred in sustaining the demurrer, and also that said Judge erred in granting the nonsuit. Thus it will be proper for us to copy the will of William Cave; following that with Judge Hudson's order sustaining the demurrer; and then his order for nonsuit; and lastly, setting forth the grounds of appeal from both.

"The State of South Carolina. In the name of God, Amen. I, William Cave, of Barnwell District, being of sound and disposing mind, memory and discretion, do make, ordain and publish this, my last will and testament, in manner and form following, hereby revoking all other wills by me heretofore made:

"First: I give, devise and bequeathe to my executors hereafter to be named, the sum of four thousand dollars in trust to be by them loaned at interest well secured, and the annual proceeds thereof to be paid to my daughter, Elizabeth Bradley, upon her separate receipt, for her support during her natural life, and upon her death I give, devise and bequeathe the said sum of four thousand dollars to my grandchildren and great-grand-children, to be divided equally among them *per sterpes,* to hold and enjoy upon the same terms and trusts as are specified herein of and concerning my other personal estate devised and bequeathed unto them.

"Secondly: Should my wife, Marion, hereafter have any child or children by me, it is my will that such child or children shall have one-half of my estate, real and personal, in fee simple.

"Thirdly: I give, devise and bequeathe to my said wife for and during her natural life or widowhood, the tract of land whereon I now live, to be divided from my other land and containing two hundred and thirty-six acres, with the dwelling house, outhouses, &c., and household and kitchen furniture, together with all the property she had when I married her, and also the following negro slaves, to wit: Pompey, Rachel, Isaac and Allen, to be in lieu and lieu of dower; and upon her death or marriage I give and devise the said lands and slaves to my grand-children and great-grand-children, to be equally divided among them (my great-grand-children taking together one share), and to be holden and enjoyed on the same terms and trusts as are specified of and concerning my other estate hereinafter devised and bequeathed unto them.

"Fourthly: I give, devise and bequeathe unto my executors, their administrators and assigns, the sum of two hundred dollars (in trust) to be by them loaned at interest well secured, and the annual proceeds thereof paid to the preacher in charge of the Black Swamp Circuit of the Methodist Episcopal Church, South, to be by him expended in the cause of domestic missions.

"Fifthly: It is my will and desire that all my perishable property, consisting of stock, provisions, &c:, be sold as soon after my death as convenient and at the discretion of my executors.

"Sixthly: I give, devise and bequeathe all of my real estate not herein disposed of, to my executors in trust for my hereinafter named grand-children and great-grand-children (the latter taking one share), to be equally divided among them, and upon the death of my or either of my said grand-children, I give the portion of my real estate which he or she or they may have received hereby to the child or children which he, she or they may have living at the time of his, her or their death; but should any of my said grand-children die without leaving a child or children or grand-children living at the time of his, her or their death, then I devise and bequeathe their portion to the survivors. But if it should be found practicable to divide my said realty equally and fairly, then it is my duty that the same be sold and the proceeds thereof invested in other real or personal property by my said executors for the use of my said grand-children, on the same terms and trusts as herein specified in case no such sale should be had.

"Seventhly: I give, devise and bequeathe unto my executors all the rest and residue of my personal estate of every kind in trust, to be equally divided among my following named grand-children and great-grand-children, viz: Robert, John Richard, David and Jane Bradley, Martha Cave, Mary Cave, Sarah Harley, Priscilla McMillan and James and Eliza Bradley (the latter taking together one share), children of my deceased grand-son, William Bradley, to be held by said executors in trusts upon the following uses and trusts, and no other, to permit my said grand-children to have, use and enjoy and possess the said personal estate which they may obtain hereby, together with the increase of the female slaves, without let or hindrance or accountable as to the annual income of their labor for and during the natural life and lives of my said grand-children, and upon

32—62

their deaths or the death of either of them, their portions respectively I give, devise and bequeathe in the same manner as I have done herein of and concerning my real estate. Lastly, I do hereby nominate and constitute my nephews, John M. Cave and Matthew J. Cave, executors of this my last will and testament.    In witness whereof, I have hereunto set my hand, this the eleventh day of May, in the year of our Lord one thousand eight hundred and forty-nine. William Cave."

*Order Sustaining Demurrer.*—"I interpret the sixth cause of the testator's will as follows : In this sixth clause the testator has disposed of his entire real estate, devised it to his nine grand-children who are named and two great-grand-children, the two great-grand-children taking one share; therefore, he divided his real estate into ten shares, each grand-child to take one share and two great-grand-children one jointly; now this provides that each share given to the grand-children upon their death shall go to his children living at the time of his death; but if there should be no child or children living at the time of his or her death, their share is to go to the survivors—clearly meaning the surviving grand-children, because he speaks of the share given to the grand-children when he makes those limitations; the words 'survivors' clearly has reference to the time of the death of any grand-child without leaving child or children surviving, and does not refer to the time of the death of the testator; so that this real estate of Mrs. McMillan's upon her death, without living at the time of her death any child or children, must go to the survivors—that is, the surviving brothers and sisters, the surviving grand-children; and if it be a fact that there is but one surviving grand-child, that grand-child takes the share.    The plaintiffs do not come, within the meaning of the words 'survivors' here, and have no interest whatever in this real estate in the sixth clause of the will; and, therefore, the demurrer as to their right to recover this real estate or any part of it, or to have a parti-

tion of it, must prevail.    And it is so ordered and the complaint is dismissed."

When the trial of the first cause of action came on, the "Case" discloses the following statements and admissions: "The case then proceeded to trial on the first cause of action.    The plaintiff introduced in evidence deed of J. W. Lancaster, sheriff of Barnwell County, bearing date the 23d day of March, 1878, and by which said deed he conveyed to John M. Cave, as executor of the will of William Cave, the land described in the complaint herein, to have and to hold the said premises in trust for the trusts, intents and purposes declared and set forth in the will of William Cave, deceased, of and concerning the property devised and bequeathed thereby for the said Priscilla McMillan for her life, with limitations over on her death.    It was admitted at the trial that the plaintiffs were all great-grand-children of said testator, William Cave, and that their parents, the grand-children of William Cave, all survived him, but predeceased Priscilla McMillan.    It was admitted at the trial that Priscilla McMillan died in the year 1896, and that she left no children, grand-children or other bodily issue surviving her at that time.    It was admitted at the trial that Priscilla McMillan intermarried with J. W. Riley.    It was admitted at the trial that the land described in the complaint was the same land described in the deed from J. W. Lancaster, sheriff, to John M. Cave, executor in trust as aforesaid.    Mr. Holman, for plaintiff, addressed Mr. Aldrich, attorney for G. O. Riley, defendant, and asks if he had deed in Court from Priscilla McMillan to Riley.    Mr. Aldrich replied that he had the deed in Court and would allow the same introduced in evidence; whereupon it was then admitted by counsel that defendant, Riley, claimed the land in dispute under a deed from Priscilla McMillan.    It was admitted that Jane Richardson was the sole surviving grand-child of William Cave.    The plaintiffs' attorney announced that they closed.    Mr. Aldrich, attorney for defendant, Riley, then moved for a non-suit.    The Court: I adhere to my ruling on the demurrer,

the plaintiffs have no interest in this land under the will of William Cave. I will grant the nonsuit."

*Order.*—"The testimony of the plaintiffs having closed, and the defendant having moved for a nonsuit; after hearing argument of counsel, it is ordered, that the motion for a nonsuit be granted and the complaint be dismissed."

The following are the appellants' grounds of appeal:

"1. Because his Honor erred in holding that the plaintiffs, the great-grand-children of the said testator, did not come within the meaning of the word 'survivors,' as provided in said will, and in holding that they had no interest whatever in said real estate, and in sustaining the demurrer and dismissing the complaint on such grounds.

"2. Because his Honor erred in holding that the term 'survivors,' as used in said will, had reference solely to the death of any one of the grand-children of the testator without leaving a child or children or other bodily issue; and his Honor should have held that the period of survivorship, as used and employed in said will, had reference to the death of the testator, and that the plaintiffs were, therefore, entitled to recover, they being the children of deceased grand-children who survived said testator.

"3. Because his Honor erred in sustaining the demurrer and in dismissing the complaint on the grounds that the same does not state facts sufficient to constitute a cause of action; whereas, the same alleged that the plaintiffs and defendant, Jane Richardson, were the owners of said lands, as tenants in common, in that they showed title to the same under the will of said William Cave, the plaintiffs being great-grand-children of the testator, and the defendant, Jane Richardson, being a grand-child, and all comprehended and included under the term 'survivors,' as used in the clause of said will, and entitled to take thereunder.

"4. Because his Honor erred in rendering judgment dismissing said complaint as to second cause of action on the ground that the same did not state facts sufficient to constitute a cause of action, in that the complaint showed from the

allegations thereof that the plaintiffs and defendant, Jane Richardson, derived title to the said land under the provisions of the will of the said William Cave, the said Priscilla McMillan, a grand-child, to whom said land was devised, having died without leaving a child or children or other bodily issue, and that the same went over upon her death to the plaintiffs and the defendant, Jane Richardson, under the limitations in said will to survivors.

"5. Because his Honor erred in sustaining a nonsuit as to the evidence submitted in support of the first cause of action and in withdrawing the case from the jury, inasmuch as the evidence showed that the plaintiffs and the defendant, G. O. Riley, claimed said property from a common source, to wit: the will of William Cave, and the plaintiffs were entitled to recover the possession of said land as against the said G. O. Riley.

"6. Because his Honor erred in granting a nonsuit as to the first cause of action, and in dismissing the complaint on the ground that the plaintiffs could take no interest in the said property under the will of William Cave, as they were not included within the terms 'survivors,' as used in the 6th clause of the said will.

"7. Because his Honor erred in granting a nonsuit to the first cause of action herein and in withdrawing the case from the jury; whereas, his Honor should have held that inasmuch as the defendant, Riley, claimed under Priscilla McMillan, a grand-daughter of testator, who died without leaving a child or children or other bodily issue, and the plaintiffs were the children of predeceased grand-children who survived the testator, that they were entitled to be brought under the provisions of said will to 'survivors,' and were, therefore, entitled to recover the possession of said land as against defendant, G. O. Riley."

It is evident from the pleadings and the facts admitted that the contention here grows out of rival claimants in the same family of the share of William Cave's property which, under his will, passed to his grand-daughter, Priscilla

McMillan, who departed this life some time in the year 1896, without child or children or other lineal descendant. So that, therefore, the question presented by the appeal here pending and to be disposed of by us, is really as to what period of time the limitation over, provided in the will of William Cave, took effect. So far as the record speaks, all the grand-children, nine in number, received their shares under the will. The share of Priscilla McMillan, it is contended by the plaintiffs, is limited to the grand-child alive and the great-grand-children who are the issue of the grand-children who died prior to the death of Priscilla McMillan. We use the word "grand-child" and "great-grand-children," with reference to the relationship of the parties now before the Court to William Cave, the testator. It seems to us that the presiding Judge was clearly right in his analysis of the 6th and 7th clauses of the will in question. The intention of the testator was to benefit these grand-children. He named each one of them. In order to avoid the property so provided for these grand-children going to any parties who were not of his blood, the testator was careful to require that the share of one of his grand-children who should die, should first descend to the issue of such grand-child; but he also provided that in the event one or more of his grand-children should die leaving no issue then living, that the share should go to the survivors of them. What "survivors" did he intend to take in such an event? Why, very clearly the class, the grand-children who should then be alive. It would be hard to reach any other conclusion, in view of the language employed by the testator in his will. The cases of *Reams* v. *Spann*, 26 S. C., 561, and *Swinton* v. *Legare*, 2 McC. Eq., 440, are in support of this doctrine. Although the appellants have presented several grounds of appeal, they in commendable candor admit that the construction of the will of William Cave, deceased, is all that is really sought. We think that Judge Hudson committed no error either in sustaining the demurrer or in granting a nonsuit.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.